PETER SZANTO 949-887-2369
11 Shore Pine
Newport Beach CA 92657

# United States Court of Appeals
in and for the 9th Circuit

| | |
|---|---|
| In re: Peter Szanto,<br><br>        Appellant<br><br>v.<br><br>Szanto, et al,<br><br>        Appellees | **No. 21- 35151**<br><br>**Appellant's Notice of Motion**<br><br>**and**<br><br>**Fifth Motion to Extend Time**<br><br>**to File Reply Brief** |

    May it please this most honorable Appeals Court Panel.

    Comes now Appellant seeking relief from the current due date of his Reply Brief, which is due today October 2, 2023. Appellant prays a fifth extension of time in which to complete and file his Reply Brief until **November 30, 2023.**

    Unfortunately, the situation with Chase Bank, its Trustee and its purchaser in a fraudulent foreclosure sale has now become an eviction action against Appellant.

    Appellant's resources of time and energy to appear at numerous and repetitive state court hearings -- whereat he challenges eviction have resulted in insufficient time to prepare, write and complete the within Reply Brief.

The essential substance of Appellant's difficulties are described below in the accompanying recitation seeking an additional extension of time.

Upon the matters explained below, Appellant must, respectfully, ask for an additional extension of time in which to file his Reply Brief until **November 30, 2023**.

## 1. **NOTICE**

To the Court and to Appellees, please take notice, comes now Appellant seeking an extension of time in which to file his Reply Brief until **November 30, 2023**. This is Appellant's fifth request to extend the time in which to file his Reply Brief.

## 2. **FACTS**

This Court is well aware that, presently, Appellant has ten individual Appeals, as well as additional consolidated Appeals before this Court. All these various matters are being worked on daily and diligently.

In spite of Appellant's financial distresses and challenges, keeping assessed of all of the many matters upon which Appellant is simultaneously working also takes time. Appellant does the absolute best he can to complete matters in a professional and well researched manner.

Appellant now explains the circumstances which have caused his unfortunate failure to complete the Reply Brief, herein, by today's due date.

In addition to the ten Appeals in this Court, Appellant also still proceeds in the Bankruptcy court. Appellant also has pending proceedings in the District Court and the Bankruptcy Appellate Panel.

Appellant also has proceedings in California's Superior Court regarding the probate estate, final expenses and debts of his deceased spouse. In the probate proceeding there is approximately $3million of debt which accrued during Appellant's spouse's final illness. That debt, which is in 6 separate nations, is being very slowly, but effectively adjudicated for payment.

However, the most devastating and critical failure to complete the Reply Brief has occurred because Appellant is battling eviction from his residence.

Here is the irony of the totality of the Bankruptcy proceeding – from which the various actions and appeals arise. That Bankruptcy commenced in 2016. After eight years, Appellant is battling eviction - which is – in its fundamental interpretation and definition -- nothing other than Appellant's effort of seeking not to become destitute and homeless.

The irony of the 2016 Bankruptcy is that at the present time, the Bankruptcy trustees have under their control more than $8.5 million dollars belonging to Appellant and his deceased spouse.

To reiterate this paradox, $8.5millon of Appellant's money is in the hands of the Trustees, but Appellant is simultaneously facing the possibility of becoming a resident of the streets.

Notwithstanding his litany of various commitments, the gravest obstacle which Appellant has faced in the past 120 days is the eviction action commenced against him.

Hopefully, this Court can understand that Appellant's many obligations, chief of which is especially the retaining of his residence, have created an extreme crisis of limited time, whereby the Reply Brief herein was inadvertently, but excusably neglected.

The eviction action has caused Appellant to become keenly and very focused on retention of his residence. The ramifications therefrom cause extreme prioritization of defending the unlawful detainer action before completing the Reply Brief herein.

As such, Appellant is eager, anxious, to complete the Reply Brief for this Appeal, but the most exigent of circumstances have prevented that completion. Thereupon, Appellant prays a further extension of time to complete his Reply Brief.

## 2. MEMORANDUM

This Court's Rule 26(b) (FRAP 26) allows for extension of time to file briefs:

> **For good cause, the court may extend the time prescribed by these rules or by its order to perform any act, or may permit an act to be done after that time expires**

Appellant thereupon elaborates various good causes which justify extension of the time for completion of the Reply Brief.

### a. *Good Cause – Appellant's Need to Save His Residence*

Shelter is essential to human survival. As such, Appellant's priorities have turned to finding ways to undo the fraudulent foreclosure of his residence. This is time consuming and stressful. And thereby has occupied most of Appellant's waking hours at the present time -- so as to restrict Appellant's Reply Brief's planning, composition and completion time herein.

### b. 2nd Good Cause – Complexity of the Issues

The issues in the appeals before this Court are complex and lengthy. The need clearly to communicate increases the time needed for proper brief completion.

One measure of good cause is to project matters to be presented in light of the complexity of the issues, because that is the only way in which the facts and law of a case can be fully developed and be competently applied to one-another. *Kifafi v. Hilton Hotels Retirement Plan* (2011) 826 Fed.Supp. 2nd 55, 58.

Here, Appellant contends good cause for extension of time to file his Reply Brief is that he seeks fully to develop all of the many complex issues of the Appeal herein which require reversal.

Thereupon, Appellant prays extension, properly to perfect his Reply Brief.

### c. Decision on Merits Rather than Technicalities is Good Cause for Extension

The U.S. Supreme Court has directed Federal Courts to decide cases on their merits, not constraining technicalities. *Foman v Davis* (1962) 371 U.S. 178, 182 accord *Conley v. Gibson,* (1957) 355 U.S. 41,47.

The standard of the 9th Circuit Court of Appeals' procedure for weighing merits versus technicalities has been expressed as:

> **This court "has a duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements."**
>
> *Balistreri v. Pacifica Police Department* (1990) 901 F.2nd 696, 699

Here, the most onerous constraining technicality is time. Everyone works at a different pace. And with the writing of briefs, sometimes thoughts and their expression do not coalesce at the quickest desired pace. That is what has happened. Appellant has worked steadily and diligently, but unfortunately was unsuccessful in completion of the Reply Brief.

### d. *Good Cause: Appellant's Difficulty of Access to Research Material*

Before Appellant's money and property were improperly expropriated by the Bankruptcy court, he was able to afford and promptly pay for the online research offered by Westlaw.

Because Appellant barely has enough money for food, soap, medicine and other basic necessities of life, he is unable to afford Westlaw or Lexis online research.

Until the Covid crisis, Appellant used law libraries either provided by various counties or local law schools to do his research. With the Covid crises, all these facilities instituted capacity restrictions and lessened staff. Restrictions which are still in place despite the easing of Covid precautions.

For these reasons, Appellant's access to research materials has become **very severally restricted**. This constrained access to research materials adds a further level of complication to brief completion, so as dramatically to increase Appellant's time to finish the research and analysis necessary for proper and efficient brief completion.

While these library resources are reopening, the staffing and access have yet to return to pre-Covid levels of service and usability.

### 3. Conclusion

Extension to file the Reply Brief is prayed **until November 30, 2023.**

## 4. Verification

The matters stated herein are true of my own personal knowledge or are based on facts and events I reasonably believe to be true.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Signed at Irvine CA.

Most respectfully,

Dated 2 October 2023    /s/ *signed electronically* Peter Szanto

## PROOF of SERVICE

My name is Maquisha Reynolds, I am over 21 years of age and not a party to the within action. My business address is PO Box 14894, Irvine CA 92623
On the date indicated below, I personally served the within:

Motion to Extend Time to File Appellant's Reply Brief

on the following by placing copies of the within document in postage pre-paid envelopes and mailing same to:

Motschenbacher & Blattner LLP

117 SW Taylor Street, Suite 300

Portland, OR 97204

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Signed at Irvine CA.

Dated October 2, 2023     /s/ *signed electronically* M. Reynolds